# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:24CR489 MTS/SPM |
| SIDARTH CHAKRAVERTY-1, | ) | |
| VICTOR ALSTON -2, and | ) | |
| SHIJING CAO-3 | ) | |
| | | |
| Defendant. | | |

## ORDER CONCERNING PRETRIAL MOTIONS

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendants pled not guilty to the **Indictment** on September 27, 2024, before United States Magistrate Noelle C. Collins. At the arraignment, counsel for Defendant Alston made an oral motion for additional time to file pretrial motions (ECF No. 15). However, counsel for Defendants Chakraverty and Cao requested a speedy trial. *See* ECF Nos. 20 & 27. At the time of the arraignment, the United States filed a sealed Motion for Inquiry Into Potential for Conflict of Interest (ECF No. 19) requesting that the Court inquire into whether Cao's attorney, Beau Brindley, has a conflict or potential for conflict of interest in currently representing four potential government witnesses and Defendant Cao; (2) whether any conflict may be waived; and (3) whether Attorney Brindley may continue to represent the witnesses and Defendant

Cao. The government also requested that Defendant Cao and the four witnesses should be afforded independent conflict free counsel should the Court require testimony from them. ECF No. 19.

On September 30, 2024, the undersigned entered a docket text order scheduling a case status hearing on October 4, 2024, to take up Defendant Alston's motion for time to file pretrial motions, Defendants Chakraverty's and Cao's request for a speedy trial, and the United States' Motion for Inquiry Into Potential for Conflict of Interest. ECF No. 36. However, on October 3, 2024, counsel for Defendants Chakraverty and Cao filed a motion to continue the status hearing to a date after October 14, 2024. ECF No. 47. That motion was granted on the same date, and the hearing was rescheduled to October 15, 2024. ECF No. 49. On October 7, 2024, the United States filed an unopposed motion to continue the status hearing to a date "no earlier than October 22, 2024." ECF No. 54. The Court granted the United States' motion and rescheduled the status hearing to October 23, 2024. ECF No. 55. On October 21, 2024, Defendants Chakraverty and Cao filed a joint motion requesting that the status hearing be continued to the week of October 28, 2024. ECF No. 57. The Court granted the motion and rescheduled the status hearing to October 31, 2024. ECF No. 59.

The undersigned held the case status hearing on October 31, 2024. Each Defendant appeared, with counsel, and the United States was represented by Assistant United States Attorney Hal Goldsmith. Also present was CJA attorney

Teneil Kellerman, who was appointed by the Court for the limited purpose of advising Defendant Cao in connection with the conflict inquiry. At the status hearing, AUSA Goldsmith described the nature and volume of the discovery and advised that the United States had produced all, or substantially all disclosures required under Rule 16 to counsel for Defendants Chakraverty and Alston. AUSA Goldsmith stated the United States had delayed producing disclosures to Defendant Cao until the potential conflict was resolved.

Defendant Chakraverty stated that he had reviewed the disclosures but disputed that the United States' disclosure was complete. Chakraverty's attorney also requested up to thirty days to file pretrial motions, including a motion to compel, but objected to any tolling of the speedy trial clock beyond the time needed to prepare and rule on pretrial motions. Defendant Cao's attorney joined in the request for time to file pretrial motions as well as the objection to any tolling of the speedy trial beyond the time needed to file and rule on pretrial motions. Defendant Alston's attorney also requested up to thirty days to file pretrial motions.

The Court and counsel discussed the United States' Motion for a Conflict Inquiry and the Response filed by Defendant Cao's attorney. The Response, on one hand, disputed facts that appear to go to the heart of the United States Motion such as the joint representation by Attorney Brindley of both Ms. Cao and four key government witnesses. On the other hand, the Response failed to address other conflict concerns raised by the United States such as the source of Attorney

Brindley's fees and the terms of his engagement, and other potential conflicts arising from Mr. Brindley's prior representation of Defendant Alston and potential government witnesses. The Response also raised new issues such as the propriety of conflict waivers submitted by Defendant Cao and Government Witness Ruan. Based on the discussion held on the record, Defendant Cao's attorney requested time to supplement Cao's response to the Motion, and AUSA Goldsmith requested time to file a Reply in support of the Motion. For the reasons stated on the record at the time of the status hearing, the Court finds that it is appropriate and necessary to conduct a conflict inquiry, and will grant the United States' request for a conflict inquiry.

The Court and Counsel for Defendant Cao also discussed Cao's Motion to Modify Conditions of Release (ECF No. 48), which is currently pending before Magistrate Judge Noelle Collins. After conferring with Judge Collins, Cao's Motion to Modify Conditions of Release will remain pending before Judge Collins.

For the reasons discussed on the record at the time of the status hearing, the Court finds that to deny defendants' motions for additional time to file pretrial motions would deny counsel for defendants the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv), and that the ends of justice served by granting defendants' motions for additional time outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice require that Defendant Cao be given

the time she requested to supplement her response to the Motion for Conflict Inquiry, and that the United States be granted the time it requested to file a Reply to the Motion for Conflict Inquiry.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion for a Conflict Inquiry (ECF No. 19) is **GRANTED**. The undersigned will hold a Conflict Inquiry in **Courtroom 13 South** on **November 22, 2024, at 9:30 AM**. All Defendants and counsel for all parties, including conflict counsel, must attend.

**IT IS FURTHER ORDERED** that no later than **November 7, 2024,** Defendant Cao must file a Supplemental Memorandum supplementing her Response in opposition to the United States' Motion for Conflict Inquiry. The United States must file its Reply in support of its Motion for Conflict Inquiry no later than **seven (7)** days after Defendant Cao files her Supplemental Memorandum.

**IT IS FURTHER ORDERED** that Defendant Alston's oral motion for time to file pretrial motions (ECF No.15) and the oral motions of Defendants Chakraverty and Cao for additional time to investigate and prepare pretrial motions are **GRANTED.**

**IT IS FURTHER ORDERED** that no later **November 7, 2024,** each party may propound to the opposing party, and may file with the court, any request for pretrial disclosure of evidence or information. Not later than **November 14, 2024,** the parties shall respond to any such requests for pretrial disclosure of evidence or

information and may file with the court a copy of any such response. To avoid a proliferation of documents, to the extent practicable, all such requests for disclosure and the responses thereto shall be contained in one request document or in one response document, with each separate item of information or evidence discussed being a subpart of said document.

**IT IS FURTHER ORDERED** that not later than **November 14, 2024**, the parties must meet for a discovery conference pursuant to Fed. R. Crim. P. 16.1(a). All motions requesting Court action pursuant to Fed. R. Crim. P. 16.1(b) must be pursued in a diligent and timely manner. The undersigned will not consider motions requesting Court-action pursuant to Fed. R. Crim. P. 16.1(b) filed after the pretrial motion deadline.

**IT IS FURTHER ORDERED** that within the guidelines set forth by the Speedy Trial Act, this Court finds that, for the reasons stated on the record at the status hearing and in this Order, the ends of justice will best be served by continuing the deadline by which Defendant must file or waive pretrial motions to **December 2, 2024.** The opposing party shall respond to any such motion not later than **December 16, 2024**.

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order to compel the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the

issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party. **Any such motion not having such attestation will not be considered or ruled by the Court.**

**IT IS FURTHER ORDERED** that any motion to suppress shall set forth, with particularity, the items(s) of evidence to which the motion is addressed and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. **Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms will not be heard or considered by the Court.** Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority.

**IT IS FURTHER ORDERED** that if a defendant chooses not to file any pretrial motions, counsel for the defendant shall file with the Court, not later than **<u>December 2, 2024</u>**, a Notice stating that **there are no issues that the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motion**.

**IT IS FURTHER ORDERED** if a pretrial motion is filed, the undersigned will set a hearing by separate order.

**IT IS FURTHER ORDERED** that any pretrial motion filed after the deadlines established by the Court will not be heard or considered by the Court absent a showing of good cause for the delay.

**IT IS FURTHER ORDERED** that all deadlines set forth in this order include weekend days and holidays. However, if a due date falls on a weekend or holiday, the due date for compliance shall be the next workday.

**IT IS FURTHER ORDERED** that all pretrial pleadings henceforth filed in this case shall include the initials of the Magistrate Judge under the case number.

**IT IS FURTHER ORDERED** that no extension time of any deadline set in this order will be granted except upon written motion, made before the expiration of the deadline, and upon good cause shown.

**IT IS FINALLY ORDERED** that the date for the jury trial of this action shall be set by separate order upon the conclusion of the pretrial motion proceedings.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2024.