# PAUL HASTINGS

(312) 499-6005
renatomariotti@paulhastings.com

November 7, 2024

**VIA E-MAIL**

Hal Goldsmith
Assistant United States Attorney
Eastern District of Missouri
111 S. 10th Street, 20th Floor
St. Louis, MO  63102
Hal.Goldsmith@usdoj.gov

**Re:**   ***United States v. Chakraverty, et al.*, Case No. 4:24-cr-00489-MTS-SPM**
      **Demand for Immediate Production of Withheld Discovery**

Mr. Goldsmith,

In both of our hearings with the Court in this case, you represented to Judge Collins and to Judge Mensah that you provided "complete discovery" for Mr. Chakraverty.  You also represented in writing that "[a]t the present time, the Government does not have favorable evidence."  Despite your repeated representations to the Court that you provided "complete discovery," our review of the discovery you produced indicates that you have not fully complied with your discovery obligations and that the government does, in fact, have evidence favorable to the defense.  Do you stand by your representations to Judge Collins and Judge Mensah that you provided "complete discovery" to us?

Our review of the discovery indicates that a significant amount of discovery has not been produced. Below are just a few examples of discovery that appears to be missing from your production:

- The production contains only two FBI FD-302 reports—a June 2023 report regarding surveillance at a parking lot and a June 2023 report of an "interview" with Poppy Cao.  Are these the only two 302 reports from the government's entire investigation?  If there are additional reports, what is your basis for withholding them?

- Specifically, we believe the following reports exist and were not produced:

  - GOV 513830 is a memorandum that appears to have been drafted by Dannielle Thomas.  The document is titled "Discussion with FBI regrading [sic] Glove Test Cleaning – MBE Firm in SLDC" and lists the meeting attendees as "Danielle Thomas, Steve Laduzinsky, Hal Goldsmith, & Associate."  The production does

PAUL
HASTINGS

Hal Goldsmith
November 7, 2024
Page 2

not contain any 302 or other report created by the government regarding this meeting.

o   GOV 513328–513330 contain text messages between Julie Frady and former Big Sur employee, Robert Duffe.  In the messages, Mr. Duffe sent a text to Ms. Frady that said, "Sorry to hear that it's been ruff [sic] time for you but very glad to hear that you were not persuaded to go back to Big Sur.  Especially given the interview I had today.  You have to meet me to get the details…Three letters FBI."  The government's production contains no 302 or other record of the FBI's interview with Mr. Duffe.

o   In GOV 475325, FBI Agent Andy Ryder emailed Associate City Counselors David Meyer and James Morrow on July 25, 2023 with questions about the Soho and Chelsea projects.  Agent Ryder also said that he would see them that afternoon at Mr. Meyer's office.  There is no 302 or any record at all regarding who attended or what was discussed at this meeting in the production.

o   The production includes a recorded conversation between William Powell and Poppy Cao that took place on May 18, 2023 (according to the file name), but you have not produced any 302 or other report related to this recording or related to any interviews of, or cooperation by, Mr. Powell.

o   On information and belief, the government met with James Jackson and Jamie Jackson of St. Louis Electric several times throughout its investigation of this case.  But the government's production does not contain a single record of any meeting or conversation with, or interview of, Mr. Jackson, Ms. Jackson, or any employee of St. Louis Electric.

o   The government's production also includes a recording of a conversation between Mr. Chakraverty and Ms. Frady that purportedly took place on November 11, 2023.  No additional documentation was produced in relation to this recording, such as a 302 or documentation regarding any other meeting between the government and Ms. Frady prior to or after this recording.

•   The indictment also includes specific allegations that reference conversations with Mr. Chakraverty and others, but your production contains no record of how you acquired that information, such as any 302 or reports of interviews with other individuals involved in the conversations.  For example:

PAUL
HASTINGS

Hal Goldsmith
November 7, 2024
Page 3

- o The indictment asserts that "SLDC's Manager of Contract Compliance, V.M., personally spoke with Chakraverty and Alston prior to each Big Sur project to ensure that they understood the specific MBE/WBE participation goals." (Doc. #2, ¶ 7.)  Despite our understanding that you met with Vlad Monroe on at least one occasion during your investigation, there is no record or documentation of that meeting, or any other meeting, that you had with Mr. Monroe.

- o The indictment claims that SLDC relied upon the "false" Good Faith Narrative in deciding to issue the City tax incentives to Big Sur on the Chelsea project. (Doc. #2, ¶ 7.)  There is no government report of any interview of or meeting with any member of SLDC during which you presumably would have learned that they "relied upon" this Good Faith Narrative.  In fact, the government's production does not contain any documentation of meetings or interviews of SLDC members throughout the investigation.

- o The indictment alleges that in or about May 2022, Mr. Chakraverty "personally met with the owner of an African American MBE which supplied electrical workers and materials in the St. Louis area," and purportedly offered the owner money to allow Big Sur to credit that company with supplying labor and materials that were actually supplied by non-African American MBEs. (Doc. #2, ¶ 25.)  Despite the detailed description of this alleged conversation, the government's production does not contain a single record of any meeting or conversation with, or interview of, this African American MBE, or any indication as to how the government learned of this supposed conversation.

- o The indictment alleges that after this conversation with an unspecified owner of an unspecified MBE, Mr. Chakraverty offered and agreed to pay St. Louis Electric a mark up fee for labor and materials from non-African American MBE companies. Once again, the government's production contains no record of any interview of, conversation or meeting with, St. Louis Electric in which the government likely would have learned such a specific piece of information. (Doc. #2, ¶ 26.)

- o The indictment alleges that Mr. Chakraverty also met with the owner of Native American MBE Ottawa Contracting and offered him a similar mark up fee as that supposedly offered to St. Louis Electric. (Doc. #2, ¶ 7.)  But again, there is nothing in the government's production about a meeting with or interview of Tyler Martin.

- o Finally, the indictment references a December 2, 2022 in-person meeting between unnamed Big Sur employees and Collie Coleman of Glove Test Cleaning. (Doc. #2, ¶ 33.)  The indictment claims that the Big Sur employees were directed by

PAUL
HASTINGS

Hal Goldsmith
November 7, 2024
Page 4

Defendants to meet with Ms. Coleman, and that during this meeting, the Big Sur employees attempted to have Ms. Coleman verify false information in GPTS and enter false certified payroll.  As is the case with nearly every supposed conversation referenced in the indictment, there is no record in the government's production of this supposed meeting between Big Sur employees and Ms. Coleman.

- The production also contains photographs of cell phones showing various test message threads pulled up on the screen (*see, e.g.,* GOV 513375–GOV 513378 and GOV 484711–GOV 484713).  But there are no reports or documentation in the production indicating how these photographs were obtained, discussions the government had with the individuals who provided these photographs, what those individuals were asked to provide, or information regarding whether the individuals possessed additional text messages that the government did not produce.

As you know, Rule 16 obligates you to provide the defense with all items within the government's possession, custody, or control that are material to preparing the defense.  The missing reports and information described above are material to our preparation of Mr. Chakraverty's defense.  Without this information, we cannot identify which witnesses the defense may seek to call at trial, because we believe that may of the witnesses above would provide testimony that supports Mr. Chakraverty's defenses.  Nor can we adequately prepare to rebut the government's case without knowing what evidence you plan to present, including the testimony of your witnesses.  We are also unable to adequately assess and prepare pretrial motions by the Court's December 2, 2024 deadline without this information.  If you do not produce these reports and information by November 14, 2024, we will be forced to file additional motions the week before trial, which may impede Mr. Chakraverty's Constitutional right to a speedy trial.[1]

Additionally, based on our understanding of information the witnesses identified above relayed to the government, we believe the missing reports and information outlined above also constitute *Brady* material that you are obligated to produce.  Your *Brady* obligations are not limited to admissible evidence, and where doubt exists as to the usefulness of evidence to the defense, the government should resolve such doubts in favor of full disclosure.  There is no apparent basis for you to withhold the above reports and information beyond attempting to prevent Mr. Chakraverty from adequately preparing his defense.  If you had a strong case, we would expect you to readily

---

[1] Based on your representations to the Court, we understand that you have *at least* produced all evidence the government intends to use in its case-in-chief at trial pursuant to Rule 16, and we will rely on that understanding to comply with the Court's deadline regarding motions to suppress evidence.  If there is any evidence you intend to use in your case-in-chief that you have not produced, we request that all remaining evidence be produced by November 14, 2024 or we will be unable to file necessary motions by the Court's deadline.

PAUL
HASTINGS

Hal Goldsmith
November 7, 2024
Page 5

provide us with the information you obtained from witnesses.  The fact that you are unwilling to do so speaks volumes about the credibility of the charges you brought.  If you have any reasonable basis to assert that the above reports do not constitute *Brady* material, please provide us with an explanation of that basis by November 13, 2024.

Additionally, your production only included one recording of a statement by Mr. Chakraverty. Under Rule 16(a)(1), the government is required to produce: (1) any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control, and the attorney for the government knows—or through due diligence could know—that the statement exists; (2) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (3) the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.  Fed. R. Crim. P. 16(a)(1).

Please produce all additional statements by Mr. Chakraverty in the government's possession, custody, or control, or confirm that no other statements (written, recorded, or oral) exist, by November 14, 2024.  To the extent the government has any statement by Mr. Chakraverty that you are withholding based on a determination that it is irrelevant, provide a log detailing the date of the conversation, the participants of the conversation, and the topic of the statement by November 14, 2024, so we can determine whether motion practice to obtain those statements is necessary.

The Grand Jury SLDC Documents folder of your production contains a screenshot of a recorded SLDC meeting that supposedly took place on November 14, 2022 (*see* GOV 479235, titled "SLDC Meeting NOV 14 2022 Recording).  However, the recording itself is not in what appears to be SLDC's production folder in the materials you produced.  Did you obtain this screenshot, or the recording itself, or any other recordings, from SLDC?  If you did not obtain this recording from SLDC along with the screenshot, why did you fail to do so?  Is the government aware of any evidence—documents, recordings, or otherwise—that was in the possession, custody, or control of the government or any witness, cooperator, or source of information but was lost, deleted, or destroyed or is otherwise no longer in their possession?  Please provide a log identifying any such evidence, including a description of the evidence, why it is no longer available, the circumstances surrounding the disposition, and the date or approximate date thereof.

You also asserted that the "formal" investigation into Big Sur was initiated in March 2023, but did you take any investigative steps before that?  For example, do you have any recorded conversations of meetings between Mr. Chakraverty, William Powell, and Collie Coleman in or around November 2022?  Please confirm that you have produced all recordings that you received from

PAUL
HASTINGS

Hal Goldsmith
November 7, 2024
Page 6

SLDC, and any recordings or other records of conversations involving my client that you received from any other individual.

Your production also included multiple emails containing redactions. For example, the production included emails between Collie Coleman and members of SLDC and Trinal, as well as emails between Ms. Coleman and Big Sur employees that are then forwarded to SLDC. The top of every email in this batch is redacted (*see, e.g.,* GOV 513593–GOV 513790). Additionally, the emails in GOV 479295–GOV 479299 and GOV 513367–GOV 513368 contain redactions. Who redacted these documents, and what is the basis for these redactions? If the government redacted these documents, provide a log by November 14, 2024 detailing the basis for each redaction in these documents so we can file a motion with the Court for the unredacted documents if appropriate.

It also appears that the government's production did not include *any* search warrants under which you obtained certain documents in the government's production. Did you use search warrants to obtain evidence in this case? To the extent any search warrants were used to obtain evidence in this case, we hereby request that you produce or identify the bates labels of all search warrants, *and all applications and affidavits in support of those search warrants*, that the government obtained to collect evidence in this case. Please provide these documents to us or confirm that you did not use any search warrants in this case by November 14, 2024. If you are refusing to produce these materials, please inform us of your position by November 13, 2024, so we can file an appropriate motion with the Court prior to the pre-trial motion deadline.

We also received the copy of Mr. Chakraverty's criminal history in the production, which indicates that Mr. Chakraverty has no criminal history. If you nonetheless intend to offer any 404(b) evidence at trial, please provide sufficient notice of such evidence, the permitted purpose for which you intend to offer that evidence, and the reasoning that supports that purpose no later than four weeks before trial so we have sufficient time to assess that evidence, assess your intended purpose for introducing that evidence, and file any necessary motions related to the introduction of that evidence.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(i), we also demand that the government produce a written disclosure, signed by the witness and containing the information required by Federal Rule of Criminal Procedure 16(a)(1)(G)(iii), for any testimony you intend to use at trial under Federal Rule of Evidence 702, 703, or 705 during your case-in-chief. Please provide this disclosure no later than November 14, 2024. If we do not receive complete disclosures from you by November 14th, we will not be able to assess the government's disclosures and file any necessary motions regarding the government's proposed opinion testimony prior to the December 2nd pre-trial motion deadline, which will in turn hinder my client's right to a speedy trial.

# PAUL
## HASTINGS

Hal Goldsmith
November 7, 2024
Page 7

Finally, we request that you produce all Jencks Act material under 18 U.S.C. § 3500(c) for all potential government witnesses including, but not limited to, all government agents, at least three weeks before trial. "[T]he Jencks Act contemplates not only the furnishing of the statement of a witness but a reasonable opportunity to examine it and prepare for its use in the trial." *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983) (reversing judgments of convictions and awarding the defendants new trials where the defense was not afforded a reasonable opportunity to "examine and digest" Jencks material). Accordingly, courts have noted approvingly that, "the ABA Standards Relating to Discovery and Procedure Before Trial admonish prosecutors to disclose Jencks Act material to defense counsel 'as soon as practicable following the filing of charges against the accused.'" *United States v. Hinton*, 631 F.2d 769, 779 (D.C. Cir. 1980) (quoting ABA Standards Relating to Discovery and Procedure Before Trial, § 2.2(a) (1970)).

Receiving Jencks material on the eve of trial will unnecessarily delay these proceedings because we will not have sufficient time to examine these materials and adequately prepare to use them in the trial. There are no countervailing concerns in this case that would weigh against early disclosure of Jencks material, and thus the only reason to withhold this information until the eve of trial would be to prevent the defense from having an adequate opportunity to review and use the Jencks material in a meaningful way. Please confirm by November 14, 2024 that you will produce all Jencks material at least three weeks before trial. This request includes, but is not limited to, all statements, notes, email correspondence, grand jury testimony, reports, memoranda, and draft reports from all potential government witnesses.

Please confirm the government's position regarding the above requests no later than November 14, 2024, as required by the Court's October 31, 2024 Order [Doc. # 63]. We are also available to meet via videoconference on November 13th or 14th for the discovery conference ordered by the Court and can discuss any of the issues raised in this letter during that meeting as well.

Sincerely,

Renato Mariotti
PAUL HASTINGS LLP