

# U.S. Department of Justice

United States Attorney
Eastern District of Missouri

*Thomas Eagleton U.S. Courthouse*   OFFICE: 314-539-2200
*111 S. 10th Street, Rm. 20.333*      FAX: 314-539-2309
*St. Louis, MO 63102*

November 13, 2024

Renato Mariotti
Paul Hastings
71 South Wacker Drive, Suite 4500
Chicago, IL 60606

Via Overnight Delivery

    RE: **United States v. Sidarth Chakraverty**
       Cause Number: 4:24-cr-489-MTS-SPM

Dear Mr. Mariotti:

 Please accept this as a response to your November 7, 2024 correspondence regarding the discovery provided to you by the United States.

 Much of what you are requesting are witness interview reports prepared by FBI Special Agents which are not discoverable, pursuant to Rule 16(a)(2). As I previously stated, the United States will provide all appropriate information which falls within the parameters of the Jencks Act prior to trial. In addition to FBI witness interview reports which you reference in your letter, any transcripts of witness grand jury testimony or other pertinent information which fall within the parameters of the Jencks Act will also be produced prior to trial.

 Below are responses to your specific inquiries, which I have attempted to track as best I can.

 The United States produced the June, 2023 surveillance and interview reports of co-defendant Cao as she is a co-defendant and co-conspirator of your client in this case, pursuant to Rule 16(a)(1)(A). As stated above, any witness interview reports prepared by FBI Special Agents which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

 Any witness interview reports prepared by FBI Special Agents pertinent to GOV 513830, which you reference, and which fall within the parameters of the Jencks Act will be provided to

you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

The text messages, GOV 513328-513330, were produced pursuant to Rule 16((a)(1)(E). Any witness interview reports prepared by FBI Special Agents of interviews of the participants to those text messages which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

Any witness interview reports prepared by FBI Special Agents of interviews of SLDC employees and/or the Agency attorneys, as you referenced relative to GOV 475325, which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

The May 18, 2023 recorded conversation of co-defendant and co-conspirator Cao, which you reference, was produced pursuant to Rule 16(a)(1)(B)(i). Any witness interview reports prepared by FBI Special Agents related to the May 18, 2023 recorded conversation which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

Any witness interview reports prepared by FBI Special Agents related to interviews of St. Louis Electric representatives, which you reference, and which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

The April 11, 2023 (you referred to a November 11, 2023 recording) recorded conversation of defendant Chakraverty was produced pursuant to Rule 16(a)(1)(B)(i). Any witness interview reports prepared by FBI Special Agents related to that recorded conversation which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

Any witness interview reports prepared by FBI Special Agents related to an interview of V.M., which you reference, and which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony and attorney proffers.

As stated previously in this response, any witness interview reports prepared by FBI Special Agents of interviews of SLDC employees and/or the Agency attorneys, which you reference, and which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

Any witness interview reports prepared by FBI Special Agents related to interviews of "…the owner of an African American MBE…." which you reference and which fall within the

parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

As stated previously in this response, any witness interview reports prepared by FBI Special Agents related to interviews of St. Louis Electric representatives, which you reference, and which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

Any witness interview reports prepared by FBI Special Agents related to interviews of Tyler Martin, which you reference, and which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony.

Any witness interview reports prepared by FBI Special Agents related to the December 2, 2022 meeting, which you reference, and which fall within the parameters of the Jencks Act will be provided to you prior to trial, as will any other pertinent Jencks Act material, including but not limited to transcripts of grand jury testimony. Included in a supplemental discovery response under separate cover is a recording from that meeting.

In response to your inquiry on page 4 of your letter, the United States obtained the photographs of a number of text messages displayed on a cell phone voluntarily through the assistance of a cooperating witness, and produced them to you. Included in a supplemental discovery response under separate covers is a June 12, 2023 text message from Julie Frady to FBI which was not previously produced.

In response to your inquiry on page 5 of your letter, Included in a supplemental discovery response under separate cover are recordings from a November 14, 2022 SLDC meeting, as well as a June 1, 2023 SLDC meeting.

In response to your inquiry on page 5 of your letter, the United States is not in possession of any additional written or recorded statements of Mr. Chakraverty which have not already been produced, per Rule 16(a)(1)(B). Nor does the United States have any undisclosed oral statements of Mr. Chakraverty, per Rule 16(a)(1)(A).

In response to your inquiry on page 6 of your letter, the United States produced all pertinent email communications in its possession. Any redactions were not related to the substantive email communications, but were simply the external or internal forwarding information. Similar to some of the email communications we received from your clients in response to the grand jury subpoena.

In response to your inquiry on page 6 of your letter, I don't believe there were any search warrants executed during the investigation which resulted in the pending Indictment. As we discussed this morning, I am double checking on that one potential issue.

  In response to your inquiry on page 6 of your letter, the United States will provide information relative to potential 404(b) evidence prior to trial as required.

  In response to your inquiry on page 6 of your letter, the United States will endorse and provide the required disclosures relative to any potential expert witnesses before trial, as required.

  Per your request, and under separate cover, I have produced supplemental discovery to include recorded conversations which do not directly involve your client, Mr. Chakraverty, but relate in some fashion to the charges contained within the Indictment. These include a recorded conversation between Julie Frady and Robert Duffe; a recorded conversation between Julie Frady and Craig Fisch; recorded conversations between Julie Frady and William Powell; and, a recorded conversation between William Powell and Carlos Goldberg.

  As previously stated, the United States will produce all information which falls within the parameters of the Jencks Act prior to trial, once we have a date certain for trial.

           Very truly yours,

           SAYLER A. FLEMING
           United States Attorney

           /s/ Hal Goldsmith
           Hal Goldsmith
           Assistant United States Attorney

4