UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24 CR 00489 MTS/SPM |
| | ) |
| SIDARTH "SID" CHAKRAVERTY, | ) |
| VICTOR ALSTON, and | ) |
| SHIJING "POPPY" CAO, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' REPLY TO DEFENDANT CAO'S MOTION TO COMPEL**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Sayler A. Fleming, and Assistant United States Attorney for said District, Hal Goldsmith, and for its Reply to Defendant Cao's Motion to Compel (ECF 113), states to this Honorable Court as follows:

1. Framed as a Motion to Compel, counsel for Defendant Cao, Mr. Brindley, now raises an unsubstantiated, unsupported and frivolous argument that somehow the undersigned has engaged in improper discussions with conflict counsel relative to Defendant Cao's choice of counsel and legal strategy. Nothing could be further from the truth. In the entire five pages of counsel's instant Motion, he cites to no case, rule or other legal precedent in support of his argument. More significantly, he cites to no fact to support his argument, but merely offers what he considers to be logic, but is in actuality supposition and conjecture, at best.

2. As this Court and counsel were advised by the undersigned, once conflict counsel was appointed to advise Defendant Cao, the undersigned provided conflict counsel with copies of the Government's previously filed sealed pleadings, as conflict counsel would not have access to

1

those pleadings otherwise. Other than providing copies of those sealed pleadings, the undersigned has had no discussions or communications with conflict counsel concerning the substance of the Government's or Defendant's pleadings in this case, or the issues and arguments raised by the parties. The undersigned has had no discussions or communications with conflict counsel concerning Defendant Cao's legal strategy or Defendant Cao's potential to cooperate with the Government in this matter. Of course, by reviewing the Indictment and pleadings in this case as the undersigned assumes conflict counsel has done, it would be clear to anyone that Defendant Cao, as with most Defendants, would have the opportunity to cooperate with the Government should that be a path she were to choose. Mr. Brindley's suggestion that such an opportunity must have been discussed between the undersigned and conflict counsel is again frivolous and without any factual basis, as such discussions did not occur.

3.	At some point in time, conflict counsel requested from the undersigned a list of attorneys who were currently or had been previously engaged in this matter in some capacity, either at the investigation stage or post Indictment, and the undersigned provided those names to conflict counsel, as best he could recall. The undersigned did not have any substantive discussion with conflict counsel in that regard, but simply responded to her request and provided the names. Despite Mr. Brindley's unsubstantiated suggestion otherwise, the undersigned has no knowledge as to whether conflict counsel has spoken to or communicated with attorneys relative to potential ongoing representation of Defendant Cao, and similarly does not know the names of any attorneys who conflict counsel may or may not have been in contact with in that regard. It is outrageous for Mr. Brindley to now publicly suggest that the undersigned actually provided to conflict counsel the names of attorneys who could potentially represent Defendant Cao going forward. That did not happen.

4.       As this Court and counsel are aware, at some point in time attorney Ryan Hedges contacted the undersigned and advised that he believed he would be once again representing Defendant Cao, and sought advice from the undersigned as to whether the Government believed he would have a conflict in taking on Defendant Cao's representation.  Any communications with Mr. Hedges were by email, and this Court was included in those communications.  Mr. Hedges is the only attorney who the undersigned has communicated with in any fashion relative to the potential ongoing representation of Defendant Cao.

WHEREFORE, the United States of America respectfully requests this Court to overrule and deny Defendant Cao's instant Motion to Compel, continue with the Court's inquiry as to a potential conflict on the part of attorney Brindley, and for such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri  63102

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO