UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cr-00489-MTS |
| ) | |
| SIDARTH CHAKRAVERTY-1, ) | |
| VICTOR ALSTON-2, and SHIJING CAO-3, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is the United States' Motion for Inquiry into Potential for Conflict of Interest. Doc. [19]. Pursuant to 28 U.S.C. § 636(b) and Local Rule 2.08, pretrial matters were referred to United States Magistrate Judge Shirley P. Mensah. As detailed in Judge Mensah's Memorandum Opinion and Order ("Order"), she held an *ex parte* inquiry of Defendant Cao, three potential government witnesses, and Cao's former attorney. Judge Mensah also reviewed email communications provided by the United States and one of the potential government witnesses. On February 7, 2025, Judge Mensah heard oral argument on the matter. After consideration of the entire record related to the conflict inquiry and review of the applicable law, Judge Mensah issued an Order finding that the conflicts stemming from attorney Beau Brindley's representation of potential government witnesses, Cao's co-defendant, Victor Alston, and a third-party payment arrangement disqualified him from ethically representing Cao at trial. Doc. [120]. Thereafter, Defendant Cao filed objections to Judge Mensah's Order disqualifying counsel. Doc. [125]. The United States filed a Reply, Doc. [133], and Defendant Cao filed a supplement. Doc. [134]. The matter is now ripe for ruling. For the reasons set forth below, the Order granting the United States' Motion for Inquiry into Potential for Conflict of Interest, disqualifying Mr. Brindley and his law

1

firm from further representation of Defendant Cao, is affirmed.

> I.     **Legal Standard and Discussion**

Section 636(b)(1)(A) of Title 28 of the United States Code provides for review by a district judge of a magistrate judge's order on nondispositive motions to which objections have been filed. Specifically, it provides that a district judge may modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

Defendant Cao objects to Judge Mensah's Order finding that the conflicts stemming from Mr. Brindley's representation of potential government witnesses, Cao's co-defendant, Victor Alston, and a third-party payment arrangement disqualify Mr. Brindley and his law firm from ethically representing Cao at trial. Specifically, Mr. Brindley claims: (1) there was not a finding that co-defendant Alston shared any confidential information with Mr. Brindley and only found that the interests of Cao and Alston "may or may not be adverse to Cao's in the future;" (2) his prior representation of potential government witness Doris Ruan in connection with her grand jury testimony did not warrant disqualification because he no longer represents her, he secured immunity for her, and any issues could be addressed through the use of independent counsel for cross-examination; (3) there was no inquiry into whether potential government witness Jeff McKay would waive any conflict issues, and there was too much emphasis on the fact that there was no written termination of the representation of McKay; (4) he had minimal communication with potential government witness Hillary Brook Thornton; (5) his proposed alternative of utilizing independent counsel to cross-examine witnesses with whom Mr. Brindley had previously interacted was unreasonably rejected; (6) the finding that the third-party payment of Ms. Cao's legal fees itself

2

creates a conflict of interest was in error; and (7) *Grady* offers no support because the entanglement alleged in *Grady* was materially distinct from that alleged in the present case. *See United States v. Grady*, 88 F.4th 1246, 1264 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 2648 (2024), and *cert. denied sub nom. Dillon v. United States*, 145 S. Ct. 209 (2024), *reh'g denied*, No. 23-7575, 2025 WL 299591 (U.S. Jan. 27, 2025).[1]

As thoroughly analyzed in the Order, a court must weigh and carefully balance defendant Cao's right to the counsel of her choice with the Court's independent interest in "ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all that observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988).[2] Further, as aptly stated in *Wheat*,

> [A] district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.

*Id*. at 162-63. This Court agrees with Judge Mensah's detailed findings that although this case is in its early stages, Mr. Brindley already has substantial actual conflicts given his previous representation of Alston and four potential government witnesses, as well as his varied pecuniary interests in the matter; not to mention a myriad of potential conflicts of interest forewarned by *Wheat* as the case progresses forward.

---

[1] Mr. Brindley's contention that *Grady* involves entirely different legal principles and analysis is not well taken. Scratching the surface of the 'tangled web' of representation issues, *Grady* is a case wherein Mr. Brindley was disqualified from representing defendant Michael Grady because Mr. Brindley previously represented Derrick Terry, the government's primary cooperating witness, and there was potential for conflict impacting multiple phases of the trial, "not simply cross-examination." *Id*. at 1265-1266.

[2] "[T]rial courts confronted with multiple representations face the prospect of being 'whip-sawed' by assertions of error no matter which way they rule. If a district court agrees to the multiple representation, and the advocacy of counsel is thereafter impaired as a result, the defendant may well claim that he did not receive effective assistance." *Id.* at 161 (citation omitted). On the other hand, a district court's refusal to accede to the requested representation could result in a [Sixth Amendment] challenge as well. *Id*.

3

Accordingly,

After a full review of the record, the undersigned finds nothing in Judge Mensah's Order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). It is instead well supported in fact and law.

## II.     Conclusion

The Court affirms United States Magistrate Judge Mensah's Memorandum Opinion and Order, Doc. [120], and overrules Defendant Cao's Objections, Doc. [125].

Dated this 6th day of March, 2025

                                          MATTHEW T. SCHELP
                                        UNITED STATES DISTRICT JUDGE