# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:24 CR 489 MTS/SPM |
| SIDARTH CHAKRAVERTY, | ) |
| VICTOR ALSTON, and | ) |
| SHIJING CAO, | ) |
| | ) |
| Defendants. | ) |

## PRETRIAL SCHEDULING ORDER FOLLOWING STATUS HEARING HELD MARCH 17, 2025

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendants pled not guilty to the **Indictment** on September 27, 2024, before United States Magistrate Noelle C. Collins. However, at the request of Defendant Shijing Cao, and with the consent of co-defendants Alston and Chakraverty and the United States, the undersigned stayed pretrial proceedings pending final resolution of the United States' motion for a conflict inquiry and to disqualify Attorney Beau Brindley, who was retained to represent Defendant Shijing Cao. *See* ECF Nos. 128, 130, 131, 132. On March 6, 2025, United States District Judge Matthew T. Schelp entered his Memorandum and Order affirming the undersigned's order disqualifying Mr. Brindley due to numerous conflicts of interest and, thereby, resolved the conflict issue in this Court. *See* ECF No. 137.

On March 17, 2025, this matter came before the undersigned for a status hearing to set a deadline by which the parties must file pretrial motions or a notice of intent to not file pretrial motions. Assistant United States Attorney Hal Goldsmith appeared on behalf of the United States, Attorney Renato Mariotti appeared with leave by phone on behalf of Defendant Sidarth

Chakraverty, Attorney Joel Schwartz appeared on behalf of Defendant Victor Alston, and Attorney Vadim Glozman appeared with leave by phone on behalf of Defendant Shijing Cao. AUSA Goldsmith advised that the United States has completed its disclosures to defendants Alston and Chakraverty; he also advised that the United States sent disclosures to Mr. Glozman, Defendant Cao's new attorney, late last week.

AUSA Goldsmith stated that he considers the United States' disclosures to now be complete but acknowledged the discovery is voluminous and contains hundreds of thousands of pages that Mr. Glozman would likely need time to review. AUSA Goldsmith also pointed out that most of the discovery consists of records from Defendant Cao's former employers and were records with which she should be familiar. Messrs. Mariotti and Schwartz advised they have completed their review of the discovery but indicated there was some disagreement over the scope and timing of the government's disclosures that would need to be addressed. AUSA Goldsmith offered to meet and confer with defense counsel regarding any dispute over the scope and timing of the government's disclosures.

Mr. Glozman indicated he has not yet had an opportunity to begin review of the discovery and stated he would need time to do so and to discuss pretrial matters with this client. Mr. Glozman moved to continue the status hearing for 60 days and to set another status hearing instead of setting a pretrial motion deadline. AUSA Goldsmith and attorneys Mariotti and Schwartz agreed. The Court set a supplemental case status hearing for May 15, 2025, at 9:30 a.m. The Court granted attorneys Mariotti and Glozman leave to appear by phone at the May status conference and directed the parties to meet and confer pursuant to Fed. R. Crim. P. 16.1(a) to resolve any disputes over the scope and timing of disclosures in advance of the May status conference.

Based on the record made in open court at the status hearing, I find that the ends of justice require that the Court refrain from setting a pretrial motion deadline at this time. The Court will instead set a supplemental case status hearing on May 15, 2025.

Accordingly,

**IT IS HEREBY ORDERED** that within the guidelines set forth by the Speedy Trial Act, this Court finds that, for the reasons stated on the record at the status hearing, the ends of justice will best be served by refraining from setting a pretrial motion deadline and instead conducting a supplemental status hearing after the parties have had a chance to review discovery and confer with their clients.

**IT IS FURTHER ORDERED** that the undersigned will hold an attorneys-only status hearing on **May 15, 2025, at 9:30 am** in Courtroom 13 South. The attorney for the United States and all defense counsel must, at a minimum, attempt to narrow items in dispute at a Rule 16.1(a) discovery conference in advance of the attorneys-only status hearing.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of March, 2025.